**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY HUTCHINS,

    Plaintiff,

v.                                                                                      Case No. 18-10182

NANCY A. BERRYHILL,

    Defendant.
_____/

**OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S OBJECTIONS, AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

    This is a Social Security appeal stemming from the denial of disability benefits. The case was referred to a magistrate judge for a report and recommendation (ECF No. 3.) Both Plaintiff and Defendant filed motions for summary judgment. (ECF No. 12, 14.) The magistrate judge considered these motions and issued a Report and Recommendation ("R&R") that recommends granting Plaintiff's motion and remanding the case for *de novo* consideration. (ECF No. 20.) Defendant timely filed two objections to the R&R. (ECF No. 21.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will overrule the R&R, grant Defendant's objections, and grant Defendant's motion for summary judgment.

**I. STANDARD**

    The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendant raises two objections to the R&R. First, Defendant challenges the report's recommendation that Plaintiff's Appointments Clause argument was not forfeited. Second, Defendant challenges the report's treatment of the opinion of Plaintiff's treating psychiatrist, Dr. Johnathan Henry. Both objections are well taken. The court addresses each in turn.

### A. Forfeiture of Appointments Clause Argument

In connection with his summary judgment briefing, Plaintiff filed a supplemental brief in which he argues for the first time that his claim should be remanded in light of the Supreme Court case of *Lucia v. SEC*, 138 S.Ct. 2044 (2018). (ECF No. 18.) In *Lucia*, the petitioner's case was initially heard by a Security and Exchange Commission ALJ appointed by Commission staff members. On appeal before the Commission, the petitioner argued that the ALJ's ruling was invalid because the ALJ was an officer and was not properly appointed pursuant to the Appointments Clause of the United States Constitution. *Id.* at 2050. The Appointments Clause mandates that "only the President, 'Courts of Law,' or 'Heads of Departments' can appoint 'Officers.'" *Id.* (*citing* U.S. Const. art. II, § 2, cl. 2.) Both the administrative appellate board and the U.S. Court of Appeals

rejected this argument, but the Supreme Court reversed. The Court held that the ALJ was an officer subject to the Appointments Clause and explained that "'[o]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief. *Lucia*, 138 S.Ct. at 2048 (*quoting Ryder v. United States*, 515 U. S. 177, 182 (1995)).

Plaintiff analogies his case to *Lucia* and argues for remand because the Social Security ALJ assigned to his case was not properly appointed. Defendant does not contest the invalidity of the ALJ's appointment, but only that Plaintiff forfeited his Appointments Clause argument by failing to raise it during his administrative proceedings. The magistrate judge recommends that the court agree with Plaintiff.

She correctly observes that "[t]he Commissioner's forfeiture argument is overwhelmingly endorsed by district courts across the country." (*Id.* at 1399.) Indeed, it appears that the majority, if not all, of the district courts to address this issue in the Sixth Circuit have held that a plaintiff forfeits an Appointments Clause argument by failing to raise it during administrative proceedings.[1] The overwhelming majority of district courts

---

[1] *See Ramsey v. Comm'r of Soc. Sec.*, No. 17-13713 (E.D. Mich. Feb. 25, 2019) (Dawkins Davis, M.J.); *Shoops v. Comm'r of Soc. Sec.*, No. 18-10444 (E.D. Mich. Feb. 14, 2019) (Majzoub, M.J) ("Plaintiff has forfeited his Appointments Clause challenge by failing to raise it in a timely manner"); *Axley v. Comm'r, SSA*, No. 1:18-cv-1106, 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019) (Anderson, J.); *Faulkner v. Comm'r of Soc. Sec.*, No. 1:17-cv-01197, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018) (Anderson, J.); *Pugh v. Comm'r of Soc. Sec.*, No. 1:18-78, ECF No. 18, PageID 787 (W.D. Mich. Nov. 8, 2018) (Carmody, M.J.); *Blackburn v. Berryhill*, No. 17-120, ECF No. 23, PageID 630–31 (E.D. Ky. Oct. 18, 2018) (Reeves, J.); *Gothard v. Comm'r of Soc. Sec.*, No.17-cv-13638, 2018 WL 7254254, at *15 (E.D. Mich. Oct. 10, 2018) (Morris, M.J.), *R&R adopted*, 2019 WL 396785, at *3 (E.D. Mich. Jan. 31, 2019) (Ludington, J.); *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) (Crenshaw, J.).

across the country to address this issue have reached the same conclusion.[2] However, the magistrate judge here would depart from this trend, joining one judge in the Eastern District of Pennsylvania. (ECF No. 20, PageID 1401 (citing *Muhammad v. Berryhill*, No. 18-172 (E.D. Pa., Nov. 2, 2018) (Rice, M.J.)).) The magistrate judge recommends this conclusion primarily based on the Supreme Court decisions of *Freytag v. Comm'r*, 501 U.S. 868 (1991) and *Sims v. Apfel*, 530 U.S. 103 (2000). (ECF No. 20, PageID 1401–07.)

In *Freytag*, the Supreme Court considered an Appointments Clause challenge in the context of the United States Tax Court. The petitioners in *Freytag* challenged a tax deficiency ruling issued by a Special Trial Judge appointed by the Chief Judge of the Tax Court. *Freytag*, 501 U.S. at 871. Petitioners consented to the Special Trial Judge's

---

[2] *See Catherine V. v. Berryhill*, No. 17-3257, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019) (Frank, J.); *Sprouse v. Berryhill*, No. 17-04922, ECF No. 15, PageID 704 (D.N.J. Feb. 6, 2019) (Hart, M.J.); *Martin v. Berryhill*, No. 18-00115 ECF 17, PageID at *10–12 (M.D.N.C. Dec. 11, 2018) (Webster, M.J.), *R&R adopted*, Order and J. ECF 19 (M.D.N.C. Jan 4, 2019) (Eagles, J.);*Byrd v. Berryhill*, No. 1:17- 01619-SKO, 2019 WL 95461, at *6 n.10 (E.D. Cal. Jan. 3, 2019) (Oberto, M.J.); *Velasquez v. Berryhill*, No. 17-17740, 2018 WL 6920457, at *2–3 (E.D. La. Dec. 17, 2018) (Wilkinson, Jr., M.J.), *R&R adopted*, 2019 WL 77248 (E.D. La. Jan. 2, 2019) (Africk, J.); *Cox v. Berryhill*, No.16-05434, ECF No. 26, at *3–4 (E.D. Pa. Dec. 18, 2018) (Diamond, J.);*Bowman v. Berryhill*, No. 18-157, ECF No. 12, at *24 (S.D. Iowa Dec. 13, 2018) (Pratt, J.); *Abbington v. Berryhill*, No. 1:17-00552-N, 2018 WL 6571208, at *7–9 (S.D. Ala. Dec. 13, 2018) (Nelson, M.J.); *Nickum v. Berryhill*, No. 17-2011- SAC, 2018 WL 6436091, at *5–6 (D. Kan. Dec. 7, 2018) (Crow, J.); *Field v. Comm'r of Soc. Sec.*, No. 18- 00119, at *2 (M.D. Fla. Oct. 15, 2018) (Spaulding, M.J.); *Garrison v. Berryhill*, No. 1:17-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct.10, 2018) (Whitney, J.); *Deidre T. v. Comm'r of Soc. Sec. Admin.*, No. 17-00650, ECF No. 17at *55–56 (N.D. Ga. Sept. 28, 2018) (Vineyard, M.J.); *Williams v. Berryhill*, No. 2:17-87-KS-MTP, 2018 WL 4677785, at *2–3 (S.D. Miss. Sept. 28, 2018) (Starrett, J.); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5–6 (N.D. Iowa Sept. 14, 2018) (Strand, J.); *Hugues v. Berryhill*, No. CV 17-3892-JPR, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018) (Rosenbluth, M.J.). *But see contra Bizarre v. Berryhill*, No. 1:18-CV-48, 2019 WL 1014194 (M.D. Pa. Mar. 4, 2019) (no waiver) (Conner, J.).

jurisdiction after the original tax court judge retired during their case. *Id.* at 872. Petitioners appealed the deficiency finding to the Fifth Circuit and argued, for the first time, that assignment of their case to a Special Trial Judge violated the Appointments Clause. *Id.* at 872. The Fifth Circuit held that the petitioners waived their constitutional challenge by consenting to the jurisdiction of the Trial Judge, but the Supreme Court disagreed. *Id.* at 872–73. The Court noted that while "as a general matter, a litigant must raise all issues and objections at trial[,]" the Court concluded that this case was "one of those rare cases" in which the Court should exercise its discretion to hear the constitutional argument. *Id.* at 879. Here, Plaintiff makes no argument that the procedural posture or facts of this case render it equivalent to the "rare" case contemplated in *Freytag*.

The magistrate judge acknowledges that *Freytag* did not create a categorical rule excusing Appointments Clause challenges from general waiver and forfeiture principles. (ECF. No. 20, PageID 1403 (*citing In re DBC*, 545 F.3d 1373, 1380 (Fed. Cir. 2008).) In fact, a mere five years after deciding *Freytag*, the Court issued *Ryder v. United States*, 515 U.S. 177 (1995), a case involving a petitioner who initially raised an Appointments Clause challenge before the Court of Military Review, in which the Court held that Appointments Clause challenges must be timely raised to be considered. *Id.* at 183 ("We think that one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question[.]") (emphasis added). The Court later incorporated this "timely challenge" language in *Lucia. See Lucia v. SEC*, 138 S.Ct. at 2055 (citing *Ryder*, 515 U.S. at 183). In recognition of this precedent, the magistrate judge does not suggest

5

that Appointments Clause challenges are categorically exempted from forfeiture principles but recommends nonetheless that normal rules governing waiver and forfeiture ought not apply to Social Security cases. (ECF No. 20, PageID 1402–03.) The argument is founded on *Sims v. Apfel*, 530 U.S.103 (2000).

In *Sims*, the Court held that Social Security claimants do not waive an issue for judicial review by failing to present it during administrative appeal. *Id.* at 105. The Court explicitly acknowledged that its holding was limited to administrative appeal: "Whether a claimant must exhaust issues before the ALJ is not before us." *Sims,* 530 U.S.at 107. Here, the recommendation elides the Court's limited holding in *Sims* by reasoning that "it is hard to reconcile *Sims's* reasoning that Social Security proceedings before an ALJ are non-adversarial and thus profoundly dissimilar to court litigation with a finding that a judicially-created issue-exhaustion requirement is compatible with *Sims's* holding." (ECF No. 20, PageID 1404.) The court disagrees. This analysis overextends *Sims's* limited holding. This case is distinguishable because Plaintiff failed to raise his Appointments Clause issue at *any* point during his administrative proceedings, not simply on administrative appeal.

In finding that the cases relied on in the report and recommendation are distinguishable, the court recognizes that the result of this case would likely be different had Plaintiff raised his Appointments Clause argument at some point during his administrative proceedings. *See, e.g., Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018) (considering a forfeited Appointments Clause argument that plaintiff raised, but did not develop, before the Mine Commission). Because Plaintiff here failed to raise his argument at any point in his administrative proceedings, the court will not

that Appointments Clause challenges are categorically exempted from forfeiture principles but recommends nonetheless that normal rules governing waiver and forfeiture ought not apply to Social Security cases. (ECF No. 20, PageID 1402–03.) The argument is founded on *Sims v. Apfel*, 530 U.S.103 (2000).

In *Sims*, the Court held that Social Security claimants do not waive an issue for judicial review by failing to present it during administrative appeal. *Id.* at 105. The Court explicitly acknowledged that its holding was limited to administrative appeal: "Whether a claimant must exhaust issues before the ALJ is not before us." *Sims,* 530 U.S.at 107. Here, the recommendation elides the Court's limited holding in *Sims* by reasoning that "it is hard to reconcile *Sims's* reasoning that Social Security proceedings before an ALJ are non-adversarial and thus profoundly dissimilar to court litigation with a finding that a judicially-created issue-exhaustion requirement is compatible with *Sims's* holding." (ECF No. 20, PageID 1404.) The court disagrees. This analysis overextends *Sims's* limited holding. This case is distinguishable because Plaintiff failed to raise his Appointments Clause issue at *any* point during his administrative proceedings, not simply on administrative appeal.

In finding that the cases relied on in the report and recommendation are distinguishable, the court recognizes that the result of this case would likely be different had Plaintiff raised his Appointments Clause argument at some point during his administrative proceedings. *See, e.g., Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018) (considering a forfeited Appointments Clause argument that plaintiff raised, but did not develop, before the Mine Commission). Because Plaintiff here failed to raise his argument at any point in his administrative proceedings, the court will not

entertain the argument at this time. *See Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) ("It is axiomatic that a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal.") (internal citation omitted). Accordingly, the court joins the majority of district courts to address this issue and concludes that Plaintiff forfeited his Appointments Clause argument. The court grants Defendant's objection.

### B. Treating Source Argument

Defendant also challenges the magistrate judge's proposed finding that the ALJ erred in giving only partial weight to the opinion of Plaintiff's treating psychiatrist, Dr. Jonathan Henry. In analyzing the opinions of a treating source,

> An ALJ is required to give controlling weight to a treating physician's opinion so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record. But if the ALJ concludes that a treating source's medical opinion is not entitled to controlling weight, she must weigh the opinion in light of several factors. The ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion.

*Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (internal citation omitted). An ALJ may properly consider a claimant's ability to perform daily activities, as well as a claimant's testimony regarding his abilities, in discounting the opinions of a treating source. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (discounting opinions of treating source that conflicted with other treatment records and evidence that the plaintiff could perform significant daily activities); *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 809 (6th Cir. 2012) (discounting opinions of treating source that conflicted with the claimant's own testimony regarding her abilities).

7

After summarizing evidence in the record, the magistrate judge concludes that ALJ failed to provide such "good reasons" for discounting Dr. Henry's opinion. (ECF No. 20, PageID 1419.) The court cannot agree. The ALJ considered Dr. Henry's opinion as follows:

> Johnathan Henry, M.D., opined that the claimant had marked and moderate limitations, and that his impairments would cause him to be absent from work three days a month (23F). This opinion is inconsistent with the claiming's activities of daily living and clinical observations. The claimant testified that he plays Scrabble up to three times a month, reads books, and pays video games. These activities require the claimant to display a fair degree of concentration, a fact that the claimant acknowledged during his testimony. . . . I only accord this opinion partial weight, as it is generally inconsistent with the objective medical record and the claimant's reported activities.

(ECF No. 8-2, PageID 27–28.)

The ALJ also considered treatment records that demonstrated Plaintiff's ability to live independently, complete tasks of daily living, and engage in social activities in addition to Plaintiff's "unremarkable" mental evaluations and "relatively static and conservative" course of treatment. (ECF. No. 8-2, PageID 69.) The court finds that the ALJ's opinion, read as a whole, provides a sufficient explanation and good reasons for partially discounting the inconsistent opinion of Dr. Henry. Substantial evidence supports the ALJ's finding of no disability.

The magistrate judge details evidence related to Plaintiff's mental health issues and contends that the normal results outlined in the ALJ's report "do not contradict the overwhelming evidence" of Plaintiff's mental health impairments. (ECF No. 20, PageID 1418.) However, the fact that some evidence suggests impairment does not invite the court to reweigh the evidence and reach its own conclusion. In fact, the ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence

8

supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Thus, an ability to cite evidence in support of Dr. Henry's opinion is not relevant to the court's inquiry at this stage. Substantial evidence also supports the ALJ's opinion, so the court will not disturb that opinion. The court will grant Defendant's objection.[3]

### III. CONCLUSION

Plaintiff forfeited his Appointments Clause challenge by failing to raise it at the administrative level, and the court concludes that the ALJ properly considered the opinions of Plaintiff's treating source. Accordingly,

IT IS ORDERED that Defendant's objections (ECF No. 21) to the Report and Recommendation (ECF No. 20) are SUSTAINED in full.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (ECF No.14) is GRANTED and the Plaintiff's motion for summary judgment (ECF No. 12) is DENIED. A separate judgment will issue.

<pre>                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE</pre>
Dated: March 26, 2019

---

[3] In passing, Plaintiff mentions that the magistrate judge did not address his "mental residual functional capacity" and "subjective statements," and that these issues warrant remand. (ECF No. 22, PageID 1639.) Plaintiff failed to properly raise and develop these issues through formal objections, so the court will dispose of them without analysis.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-10182.HUTCHINS.overrule.R&R.grant.objections.HEK.RHC.2.docx