# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY HUTCHINS,

    Plaintiff,

v.                                                                                        Case No. 18-10182

NANCY A. BERRYHILL,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT**

On March 26, 2019, the court entered an opinion and order overruling the Magistrate Judge's Report and Recommendation ("R&R"), sustaining Defendant's objections to the R&R, and granting Defendant's Motion for Summary Judgment. (ECF No. 3.) On April 22, 2019, Plaintiff filed a "Motion to Alter or Amend the Court's Order" pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 25). Plaintiff argues that the court's order is manifestly unjust based on the court's: (1) failure to address Plaintiff's mental RFC and Plaintiff's subjective statements, (2) determination that the ALJ properly discounted the opinions of Plaintiff's treating medical provider, and (3) rejection of Plaintiff's Appointments Clause argument. The motion has been fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will deny Plaintiff's motion because Plaintiff fails to demonstrate that he is entitled to relief under Rule 59(e).

"The purpose of Rule 59(e) is '"to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate

proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). A district court maintains discretion when deciding whether to amend a judgment under Rule 59(e). *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 569 (6th Cir. 2008). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Hurst v. Fed. Nat. Mort. Ass'n*, 642 F. App'x 533, 541 (6th Cir. 2016) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A motion to amend under Rule 59(e) is not a substitute for appeal nor "an opportunity to re-argue a case." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Additionally, a Rule 59(e) motion cannot be used "to raise new legal arguments that could have been raised before" a ruling. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The court already considered and rejected Plaintiff's arguments related to the ALJ's treatment of Plaintiff's treating source and Plaintiff's Appointments Clause challenge. Plaintiff's instant motion merely restates his previous arguments on these issues, and while his arguments may form the basis for appeal, they do not demonstrate the type of "manifest injustice" warranting relief under Rule 59(e). *See Mich. Flyer LLC*, 860 F.3d at 431. Plaintiff's remaining issue related to the court's consideration of

Plaintiff's mental RFC and subjective statements similarly fails to satisfy the requirements for relief before this court.

In its opinion, court declined to analyze Plaintiff's claims regarding his mental RFC and subjective statements because Plaintiff summarily raised the issues in his response to Defendant's objections to the R&R. (ECF No. 23, PageID 1650.) Plaintiff asserts that he did not file any objections to the R&R because the Magistrate Judge did not address these issues, and he now argues that the court should remand the case for consideration of these issues to the Magistrate. (ECF No. 26, PageID 1658.) The court reviews de novo only those specific portions of the R&R to which objections are made. *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015). Plaintiff fails to demonstrate how the court's decision to forgo review of his passing comments runs contrary to Sixth Circuit precedent or rises to the level of manifest injustice. Furthermore, while the court did not explicitly consider Plaintiff's mental RFC or subjective statements, these factors relate to the sufficiency of the evidence in this case. The court already determined that substantial evidence supported the ALJ's finding of disability, notwithstanding the existence of some evidence in the record, which the magistrate judge cites in her opinion, that could be read to support Plaintiff's claims. (ECF No. 23, PageID 1648.) As the court explained in its opinion, reversal of the ALJ's finding of no disability is not justified "merely because substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Plaintiff may challenge the court's analysis on appeal, but his disagreement does not justify relief under Rule 59(e). Accordingly,

IT IS ORDERED that Plaintiff's Motion to Alter or Amend (ECF No. 26) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 4, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-10182.HUTCHINS.deny.motion.alter.HEK.docx