**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ANTHONY HUTCHINS,

           Plaintiff,

v.                                                               Case No. 18-cv-10182

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

           Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR FEES AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

Plaintiff Anthony Hutchins seeks for the court to award him $21,790.13 in fees and $905.00 in costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, claiming that the Commissioner's position was not "substantially justified" in this Social Security disability benefits action. (ECF Nos. 42, 44.) The motion has been fully briefed. Further pending before the court is Plaintiff's Motion for Leave to File Supplemental Briefing (ECF No. 45) as to his EAJA motion, to which Defendant filed an opposing response. (ECF No. 46.) The court finds oral argument to be unnecessary. E.D. Mich. LR 7.1(f)(2). For reasons explained below, the court will deny both motions.

**I. BACKGROUND**

Plaintiff filed an application for disability benefits on September 17, 2014, alleging that he became disabled on February 23, 2014. (ECF No. 1, PageID.1–2.) The application was denied, prompting Plaintiff to timely request a hearing. (Id. at PageID.2.) On February 1, 2017, Administrative Law Judge (ALJ) Laura Chess held a hearing and,

in an April 4, 2017 decision, denied Plaintiff's claim. (Id.) Plaintiff timely requested a review of ALJ Chess' decision from the Appeals Council. (Id.) On November 18, 2017, the Appeals Council denied the review request, thereby making ALJ Chess' unfavorable determination the final decision of the Commissioner of Social Security. (Id.) On January 16, 2018, Plaintiff filed the instant suit pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision. (ECF No. 1.)

Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") on February 13, 2019, advising the court to remand the matter for further proceedings on two independent grounds: (1) ALJ Chess was not properly appointed under the Appointments Clause, U.S. Const., Art. II § 2, cl. 2, thereby necessitating a *de novo* administrative hearing; (2) ALJ Chess erred by violating the treating physician rule. (ECF No. 20.) On February 26, 2019, the Commissioner filed timely objections, arguing that Plaintiff forfeited the Appointments Clause issue by failing to raise it at any point during the administrative proceedings and that ALJ Chess properly evaluated Plaintiff's treating physician's opinion. (ECF No. 21, PageID.1425, 1433.) On March 26, 2019, the court issued an opinion and order rejecting the R&R, granting the Commissioner's objections, and rendering judgment in favor of the Commissioner. (ECF No. 23.) Plaintiff moved for reconsideration under Federal Rule of Civil Procedure 59(e) (ECF No. 25), which the court subsequently denied. (ECF No. 30.)

On August 5, 2019, Plaintiff appealed. The Sixth Circuit consolidated Plaintiff's appeal with four others that raised the same Appointments Clause problem, characterizing it as follows: "The question is one of issue exhaustion: must the claimants have raised their Appointments Clause challenge before the ALJ in order to

2

preserve that challenge for judicial review." *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 540 (6th Cir. 2020). Up to that point, the majority, if not all, of the district courts to address this issue in the Sixth Circuit held that a plaintiff forfeits an Appointments Clause argument by failing to raise it during administrative proceedings,[1] as did an overwhelming majority of district courts across the country.[2] Ultimately, however, in a 2-

---

[1] *See Ramsey v. Comm'r of Soc. Sec.*, No. 17-13713 (E.D. Mich. Feb. 25, 2019) (Dawkins Davis, M.J.); *Shoops v. Comm'r of Soc. Sec.*, No. 18-10444 (E.D. Mich. Feb. 14, 2019) (Majzoub, M.J) ("Plaintiff has forfeited his Appointments Clause challenge by failing to raise it in a timely manner"); *Axley v. Comm'r, SSA*, No. 1:18-cv-1106, 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019) (Anderson, J.); *Faulkner v. Comm'r of Soc. Sec.*, No. 1:17-cv-01197, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018) (Anderson, J.); *Pugh v. Comm'r of Soc. Sec.*, No. 1:18-78, ECF No. 18, PageID 787 (W.D. Mich. Nov. 8, 2018) (Carmody, M.J.); *Blackburn v. Berryhill*, No. 17-120, ECF No. 23, PageID 630–31 (E.D. Ky. Oct. 18, 2018) (Reeves, J.); *Gothard v. Comm'r of Soc. Sec.*, No.17-cv-13638, 2018 WL 7254254, at *15 (E.D. Mich. Oct. 10, 2018) (Morris, M.J.), *R&R adopted*, 2019 WL 396785, at *3 (E.D. Mich. Jan. 31, 2019) (Ludington, J.); *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) (Crenshaw, J.).

[2] *See Catherine V. v. Berryhill*, No. 17-3257, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019) (Frank, J.); *Sprouse v. Berryhill*, No. 17-04922, ECF No. 15, PageID 704 (D.N.J. Feb. 6, 2019) (Hart, M.J.); *Martin v. Berryhill*, No. 18-00115 ECF 17, PageID at *10–12 (M.D.N.C. Dec. 11, 2018) (Webster, M.J.), *R&R adopted*, Order and J. ECF 19 (M.D.N.C. Jan 4, 2019) (Eagles, J.);*Byrd v. Berryhill*, No. 1:17- 01619-SKO, 2019 WL 95461, at *6 n.10 (E.D. Cal. Jan. 3, 2019) (Oberto, M.J.); *Velasquez v. Berryhill*, No. 17-17740, 2018 WL 6920457, at *2–3 (E.D. La. Dec. 17, 2018) (Wilkinson, Jr., M.J.), *R&R adopted*, 2019 WL 77248 (E.D. La. Jan. 2, 2019) (Africk, J.); *Cox v. Berryhill*, No.16-05434, ECF No. 26, at *3–4 (E.D. Pa. Dec. 18, 2018) (Diamond, J.);*Bowman v. Berryhill*, No. 18-157, ECF No. 12, at *24 (S.D. Iowa Dec. 13, 2018) (Pratt, J.); *Abbington v. Berryhill*, No. 1:17-00552-N, 2018 WL 6571208, at *7–9 (S.D. Ala. Dec. 13, 2018) (Nelson, M.J.); *Nickum v. Berryhill*, No. 17-2011- SAC, 2018 WL 6436091, at *5–6 (D. Kan. Dec. 7, 2018) (Crow, J.); *Field v. Comm'r of Soc. Sec.*, No. 18- 00119, at *2 (M.D. Fla. Oct. 15, 2018) (Spaulding, M.J.); *Garrison v. Berryhill*, No. 1:17-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct.10, 2018) (Whitney, J.); *Deidre T. v. Comm'r of Soc. Sec. Admin.*, No. 17-00650, ECF No. 17at *55–56 (N.D. Ga. Sept. 28, 2018) (Vineyard, M.J.); *Williams v. Berryhill*, No. 2:17-87-KS-MTP, 2018 WL 4677785, at *2–3 (S.D. Miss. Sept. 28, 2018) (Starrett, J.); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5–6 (N.D. Iowa Sept. 14, 2018) (Strand, J.); *Hugues v. Berryhill*, No. CV 17-3892-JPR, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018) (Rosenbluth, M.J.). *But see contra Bizarre v. Berryhill*, No. 1:18-CV-48, 2019 WL 1014194 (M.D. Pa. Mar. 4, 2019) (no waiver) (Conner, J.).

3

1 decision, the *Ramsey* Court agreed with the claimants that, "their failure to raise the Appointments Clause challenge before the agency does not foreclose their ability to seek judicial review of that claim" and ordered the remedy of "a new hearing before ALJs other than the ALJs who conducted their original hearings." *Id.* at 546–47. The Sixth Circuit solely addressed this constitutional issue. It did not address any substantive attacks on the analysis undertaken by the ALJs in coming to their unfavorable disability determinations.

In so ruling, the *Ramsey* Court evened an existing split within the federal circuit courts on the Appointment Clause issue, joining with the Third Circuit, *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), against the Eighth and Tenth Circuits, *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *Hilliard v. Saul*, 964 F.3d 759 (8th Cir. 2020), *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020). In short order, the Fourth Circuit also joined with the Third and Sixth Circuits. *Probst v. Saul*, 980 F.3d 1015 (4th Cir. 2020). On January 29, 2021, the Commissioner filed a petition for a writ of *certiorari* with respect to the *Ramsey* Court's decision. (ECF No. 39.) At the time, however, the Supreme Court had already granted petitions for *certiorari* in *Davis* from the Eighth Circuit and *Carr* from the Tenth Circuit. (*See* id.) On April 22, 2021, the Supreme Court definitively resolved the Appointments Clause issue with *Carr v. Saul*, 141 S. Ct. 1352, 1356 (2021), holding that Social Security disability claimants did not "forfeit[] their Appointments Clause challenges by failing to make them first to their respective ALJs."

On May 20, 2021, the court signed an order for remand after receipt of a stipulation for the same from the parties. (ECF Nos. 40, 41.) On June 16, 2021, Plaintiff filed the EAJA motion at bar. (ECF No. 42.) On June 28, 2021, the Commissioner filed a

4

response. (ECF No. 43.) On June 29, a reply followed. (ECF No. 44.) On July 20, 2022, Plaintiff filed a motion for leave to file supplemental briefing as to his EAJA motion, seeking to provide the court with information regarding a favorable disability determination received from the Commissioner in post-remand administrative proceedings. (ECF No. 45.) Plaintiff's counsel further disclosed for the first time that his client, Anthony Hutchins, tragically committed suicide on or about July 1, 2020 and stated that Lee Andrew Hutchins became the substitute party. (Id. at PageID.1790.) Presumably due to the Commissioner's indication that he had not used the appropriate mechanism for substitution of a party (ECF No. 46, PageID.1793), on July 25, 2022, Plaintiff's counsel filed a formal motion for substitution pursuant to Federal Rule of Civil Procedure 25(a). (ECF No. 47.) That motion will be resolved by another order.

## II. STANDARD

Pursuant to the EAJA, "'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Glenn v. Comm'r of Soc. Serv.*, 763 F.3d 494, 498 (quoting 28 U.S.C. § 2412(d)(1)(A)). To be "substantially justified" within the meaning of the EAJA, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "This standard 'means, of course, more than merely undeserving of sanctions for frivolousness;' and is not different from having 'a reasonable basis both in law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Underwood*, 487 U.S. at 565).

5

It is the government's burden to prove that "a given position was substantially justified, and it discharges that burden by demonstrating that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725–26 (6th Cir.2014) (internal quotation marks and citations omitted). When considering whether the government's position is substantially justified, the court focuses on the merits of both its pre-litigation and litigation positions. "While objective indicia of reasonableness—such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes—may be relevant, it is the actual merits of the Government's litigating position that matter most." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (citing *United States ex rel. Wall v. Circle C Constr., LLC*, 868 F.3d 466, 471 (6th Cir. 2017)) (internal quotations omitted). Courts are cautioned against being "subtly influenced by the familiar shortcomings of hindsight judgment." *Beck v. Ohio*, 379 U.S. 89, 96 (1964). "For that reason, [courts] distinguish between cases in which the government lost because it vainly pressed a position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Griffith*, 987 F.3d at 564.

### III. DISCUSSION

In his EAJA fee motion, Plaintiff argues that, based on the rulings of the Sixth Circuit in *Ramsey* and the Supreme Court in *Carr*, the Commissioner was not substantially justified in maintaining the position that Plaintiff forfeited his Appointments Clause challenge. (ECF No. 42-2, PageID.1738.) While he does not contest that Plaintiff is a prevailing party for purposes of the EAJA, the Commissioner counters that his prelitigation and litigation positions were substantially justified, making a fee award

6

improper. (ECF No. 43, PageID.1766.) With respect to his prelitigation position, the Commissioner contends that no settled law mandates that he raise *sua sponte*, through either an ALJ or the Appeals Council, an Appointments Clause issue, thereby justifying his actions at the administrative level. (Id. at PageID.1766–68.) With respect to his litigation position, namely that Plaintiff forfeited the right to raise an Appointments Clause challenge because he did not raise it during the administrative proceedings, the Commissioner argues that he was substantially justified, even in spite of *Ramsey* and *Carr*, as the issue was one of unsettled law. (Id. PageID.1768.) Though not addressed in Plaintiff's initial motion, the Commissioner also asserts that he was substantially justified in defending ALJ Chess' unfavorable disability determination given this Court's March 26, 2019 Opinion and Order (ECF No. 23), which found that ALJ Chess did not violate the treating physicians rule. (Id. at PageID.1772.)

In his reply brief, Plaintiff attacks the Commissioner's assertion that his prelitigation position was justified, arguing that the informal, non-adversarial features of the administrative proceedings do in fact charge ALJs with actively assisting claimants and adjudicating matters in compliance with the United States Constitution. (ECF No. 44, PageID.1778–80.) Because the Commissioner does not dispute that ALJ Chess was improperly appointed and notice of the constitutional infirmity of his ALJs can be traced to *Freytag v. Commissioner*, 501 U.S. 868 (1991) and its progeny, Plaintiff contends the Commissioner's prelitigation position was not substantially justified. (Id. at PageID.1780–81.) Plaintiff further contests the Commissioner's arguments with respect to his litigation position, asserting that the *Cirko* Court's decision—the very first Circuit to rule on the issue—reflects that the Appointments Clause issue was not a matter of

7

unsettled law. (Id. PageID.1783.) Finally, Plaintiff contends that the Commissioner was not substantially justified in defending ALJ Chess' decision on the merits of his disability claim, pointing to the Magistrate Judge's R&R. (Id. PageID.1786–87.)

The court finds that a fee award under the EAJA is inappropriate in this case because the Commissioner's prelitigation and litigation positions were substantially justified. With respect to the Commissioner's prelitigation position, Plaintiff attempts to impose a *sua sponte* duty on the Commissioner to raise Appointments Clause issues that simply does not exist in law. *See Rich v. Comm'r of Soc. Sec. Admin.*, 477 F. Supp. 3d 388, 394 (E.D. Penn. 2020) ("We see no support imposing a sua sponte obligation on the Commissioner to raise Appointments Clause challenges."); *Ramsey v. Comm'r of Social Security*, No. 17-cv-13713, 2021 WL 5233285, at *2 (E.D. Mich. Nov. 10, 2021) (Edmunds, J.); *Schrader v. Comm'r of Soc. Sec.*, No. 19-cv-11663, 2021 WL 5233288, at *2 (E.D. Mich. Nov. 10, 2021) (Edmunds, J.); *Fortin v. Comm'r of Soc. Sec.*, No. 18-cv-10187, 2022 WL 1085677, at *3 (E.D. Mich. Apr. 11, 2022) (Lawson, J.). As such, the court finds it was reasonable for the Commissioner to not *sua sponte* raise the issue of the Appointments Clause during the initial administrative proceedings in this case.

Additionally, the court finds reasonable the Commissioner's litigation position that Plaintiff forfeited his right to challenge his unfavorable disability determination on Appointments Clause grounds, as it was adopted by an overwhelming majority of district courts nationwide. The Commissioner could also reasonably maintain this position even post-*Ramsey* because the Supreme Court was set to resolve the issue. *Carr*, 141 S. Ct. at 1357. Finally, once *Carr* was decided, the Commissioner appropriately stipulated to a remand, thereby not vainly pressing a position flatly at odds with the controlling case

8

law. (ECF No. 40.) As such, the court views the Commissioner's litigation position as one lost "because an unsettled question was resolved unfavorably," *Griffith*, 987 F.3d at 564, making a fee award inappropriate on these grounds.

Finally, the Commissioner was reasonable in taking the litigation position that ALJ Chess' unfavorable disability determination was analytically correct. The court had occasion to address whether ALJ Chess violated the treating physician rule in its opinion rejecting Magistrate Judge Stafford's R&R. (ECF No. 23.) The court determined that substantial evidence supported ALJ Chess' analysis, ultimately resolving not to disturb her disability determination. (Id.) Because the Sixth Circuit did not address the issue of ALJ Chess' analysis in Plaintiff's appeal, the court's decision remains the law of the case. As such, for the same reasons now, the court finds the Commissioner's litigation position at the time appropriate. Plaintiff would have the court hold otherwise, relying on a new, favorable disability determination from the Commission during post-remand proceedings before a different ALJ. (ECF No. 45, PageID.1790.) He contends that the decision "was based almost entirely on evidence that was before this Court in this appeal," thereby making it "highly relevant" as to whether the Commissioner's initial benefit denial was substantially justified. (Id.) The court disagrees. The mere fact that a different ALJ came to an alternate conclusion does not alter the court's previous finding that ALJ Chess' decision was supported by substantial evidence. (Id.)

Because the court finds all prelitigation and litigation positions held by the Commissioner to be substantially justified, it need not explore whether Plaintiff's counsel is entitled to a higher fee.

9

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for EAJA fees is denied. The Commissioner's prelitigation and litigation positions were substantially justified, rendering such an award improper. The court does not require additional briefing to resolve that question and will therefore deny Plaintiff's motion for leave to supplement. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Fees Under the Equal Access to Justice Act (ECF No. 42) and Motion for Leave to File Supplemental Briefing (ECF No. 45) are DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\18-10182.HUTCHINS.MotionForEAJAAttorneyFees.EKL.docx